UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA COOPER,

                    Plaintiff,

-against-

MASS APPEAL MEDIA INC., PETER BITTENBENDER, and JENYA MEGGS,

                    Defendants.

Case No. 1:23-cv-09115

**DEFENDANT MASS APPEAL MEDIA INC'S. ANSWER TO PLAINTIFF'S COMPLAINT**

      Defendant MASS APPEAL MEDIA INC., (hereafter "Defendant"), by and through its attorneys, Jackson Lewis P.C., for its Answer to the Complaint brought by Melissa Cooper, responds and pleads defenses and affirmative defenses as follows:

### AS TO "NATURE OF THE ACTION"

      1.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "1" of the Complaint.

      2.     Defendant denies the allegations set forth in Paragraph "2" of the Complaint.

      3.     Defendant denies the allegations set forth in Paragraph "3" of the Complaint but avers that Plaintiff's employment was terminated in June 2023 and that Meggs is still employed by Mass Appeal.

      4.     Paragraph "4" of the Complaint states legal conclusions for which no response is required.

## AS TO "JURISDICTION"

5. Paragraph "5" of the Complaint states legal conclusions to which no response is required.

## AS TO "VENUE"

6. Paragraph "6" of the Complaint states legal conclusions to which no response is required.

## AS TO "NOTICE"

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

## AS TO "PARTIES"

**As to "Plaintiff Melissa Cooper"**

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "8" of the Complaint but aver based on information and belief that Plaintiff resided in New York during her employment with Mass Appeal.

9. Defendant denies the allegations set forth in Paragraph "9" of the Complaint but avers that Plaintiff was a consultant from around April 2021 and then later was offered the role of Head of Development.

**As to "Defendant Mass Appeal Media Inc."**

10. Defendant admits the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint but avers that Mass Appeal is an entertainment company and Hip-Hop artist Nasir bin Olu Dara Jones "Nas" is a co-owner.

**As to "Defendant Peter Bittenbender"**

12. Defendant admits the allegation set forth in Paragraph "12" of the Complaint.

13. Defendant admits the allegation set forth in Paragraph "13" of the Complaint.

**As to "Defendant Jenya Meggs"**

14. Defendant denies the allegation set forth in Paragraph "14" of the Complaint.

15. Defendant admits the allegation set forth in Paragraph "15" of the Complaint.

<b><u>AS TO "FACTUAL ALLEGATIONS"</u></b>

**As to "Cooper's Professional Background and Position at Mass Appeal"**

16. Defendant admits the allegations set forth in Paragraph "16" of the Complaint except deny that Plaintiff was promoted.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "20" of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint but avers that Plaintiff was referred by Sacha Jenkins, who is a Black male.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint but avers that Plaintiff worked to identify, develop and pitch programming project to content distributors.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint but avers that part of Plaintiff's role was to create content.

**As to "Jenya Meggs and Mass Appeal"**

27. Defendant admits the allegations set forth in Paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint but avers that Jenya Meggs referred Dr. Tana Session, a Black female to Mass Appeal for a human resources position.

**As to "Meggs' Hostility to Cooper"**

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint but avers that Plaintiff brought in the "Freaknik" project in 2021.

33. Defendant denies allegations set forth in Paragraph "33" of the Complaint but avers "Freaknik" was sold to Hulu in 2022.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint but avers that Plaintiff worked on developing the "Freaknik" project consistent with her job responsibilities.

35. Defendant denies the allegation set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "37" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "38" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "40" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "41" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

42. Defendant admits the allegations set forth in Paragraph "42" of the Complaint but denies that Defendant Meggs "verbally berated" Plaintiff.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint but avers that Defendant Meggs reached out to Daphne Pierre to inform her of concerns and refers the Court to the referenced text messages for the full contents and meaning thereof.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint and refers the Court to the referenced letter for the full contents and meaning thereof.

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint but avers that Defendant Meggs participated in a mediation call with Plaintiff on or around November 7, 2022.

46. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "46" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint but avers there was a call with Cooper and Meggs in or around November 2022.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "48" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

49. Defendant denies the allegations set forth in Paragraph "49" of the Complaint but avers Plaintiff was brought into this project consistent with her job responsibilities.

50. Defendant denies the allegations set forth in Paragraph "50" of the Complaint but avers that Plaintiff and Scalettar sent the Paul Mooney deck to William Morris Endeavor.

51. Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52. Defendant denies the allegations set forth in Paragraph "52" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

53. Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in Paragraph "54" of the Complaint and refers the Court to the referenced letter for the full contents and meaning thereof.

55. Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

56. Defendant denies the allegations set forth in Paragraph "56" of the Complaint and refers the Court to the referenced messages for the full contents and meaning thereof.

57. Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "58" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "59" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "60" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

61. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "61" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "62" of the Complaint and refers the Court to the referenced text messages for the full contents and meaning thereof.

63. Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

64. Defendant denies the allegations set forth in Paragraph "64" of the Complaint but avers that Plaintiff was notified that her employment was being terminated on or about June 16, 2023.

65. Defendant denies the allegations set forth in Paragraph "65" of the Complaint but avers that Defendant Bittenbender offered Plaintiff to stay on as a consultant for the few remaining projects. Defendant further avers that Plaintiff's last day of employment with Mass Appeal was June 30, 2023.

**As to "Michael Harris"**

66. Defendant denies the allegations set forth in Paragraph "66" of the Complaint and refers the Court to the referenced email for the full contents and meaning thereof.

67. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "67" of the Complaint except denies that Session, Pierre, or Meggs had any influence over Plaintiff's termination.

68. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "68" of the Complaint.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "69" of the Complaint and refers the Court to the referenced email for the full contents and meaning thereof.

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "71" of the Complaint but avers Plaintiff forwarded Defendant Bittenbender a number of purported correspondences involving Jenya Meggs.

72. Defendant denies the allegations set forth in Paragraph "72" of the Complaint but avers that Defendant Bittenbender discussed the text messages with Plaintiff.

73. Defendant denies the allegation set forth in Paragraph "73" of the Complaint.

74. Defendant admits the allegation set forth in Paragraph "74" of the Complaint.

75. Defendant denies the allegations set forth in Paragraph "75" of the Complaint but avers that Jenya Meggs is still employed by Mass Appeal.

76. Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

## AS TO "FIRST CLAIM
## (Section 1981-Race Discrimination)"

77. Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraph "1" through "76" of the Complaint as though set forth fully herein.

78. Defendant denies the allegations set forth in Paragraph "78" of the Complaint.

79. Defendant denies the allegations set forth in Paragraph "79" of the Complaint.

80. Defendant denies the allegations set forth in Paragraph "80" of the Complaint.

81. Defendant denies the allegations set forth in Paragraph "81" of the Complaint.

82. Defendant denies the allegations set forth in Paragraph "82" of the Complaint.

### AS TO "SECOND CLAIM (Section 1981-Race Discrimination)"

83. Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "82" of the Complaint as though set forth fully herein.

84. Paragraph "84" of the Complaint states a legal conclusion for which no response is required.

85. Defendant denies the allegations set forth in Paragraph "85" of the Complaint.

86. Defendant denies the allegations set forth in Paragraph "86" of the Complaint.

87. Defendant denies the allegations set forth in Paragraph "87" of the Complaint.

88. Defendant denies the allegations set forth in Paragraph "88" of the Complaint.

89. Defendant denies the allegations set forth in Paragraph "89" of the Complaint.

90. Defendant denies the allegations set forth in Paragraph "90" of the Complaint.

## AS TO "THIRD CAUSE OF ACTION (NYCHRL-Discrimination)"

91. Defendant repeats and restates each and every denial, admission or other response to the allegations set forth in Paragraphs "1" through "90" of the Complaint as though set forth fully herein.

92. Paragraph "92" states a legal conclusion for which no response is required.

93. Defendant denies the allegations set forth in Paragraph "93" of the Complaint.

94. Defendant denies the allegations set forth in Paragraph "94" of the Complaint.

95. Defendant denies the allegations set forth in Paragraph "95" of the Complaint.

96. Defendant denies the allegations set forth in Paragraph "96" of the Complaint.

97. Defendant denies the allegations set forth in Paragraph "97" of the Complaint.

98. Defendant denies the allegations set forth in Paragraph "98" of the Complaint.

### AS TO "PRAYER FOR RELIEF"

99. With respect to the allegations, claims and other contentions set forth in this Paragraph of the Complaint and each subpart thereof, Defendants deny each and every allegation, claim and other contention and deny that Plaintiff is entitled to any relief whatsoever.

### AS TO "JURY DEMAND"

100. Defendant denies that there are any triable issues of fact this action.

### AS AND FOR DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

1. Defendant reserves the right to amend its answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

2. Plaintiff's claims are barred to the extent the Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

3. Plaintiff's recover is limited, in whole, or in part to the extent she failed to mitigate any of the damages alleged in the Complaint.

4.	Any and all actions taken by Defendants with respect to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory business reasons.

5.	At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state or local laws.

6.	Defendant is not liable for punitive damages because Defendant did not engage in conduct with the required level of culpability to justify an award of punitive damages.

7.	Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer damages attributable to an allegedly wrongful conduct by Defendant and/or because any damages or injuries were caused by the conduct of third parties.

8.	Defendant's conduct, even if it occurred, amounted to no more than what a reasonable person would consider petty slightly and trivial inconveniences.

**WHEREFORE**, Defendant prays that the Court:

(a)	Dismiss the Complaint in its entirety, with prejudice;

(b)	Denies each and every demand, claim and prayer for relief contained in the Complaint;

(c)	Award Defendant her reasonable attorneys' fees and costs incurred in defending this meritless and frivolous action; and

(d)	Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS PC
666 Third Avenue
New York, New York 10017
(212) 545-4000

Dated:  December 26, 2023         By:     */s*   Dana G. Weisbrod
       New York, New York                        Dana G. Weisbrod
                                                Melanie H. Ross

                                                ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA COOPER,<br><br>        Plaintiff,<br><br>-against-<br><br>MASS APPEAL MEDIA INC., PETER BITTENBENDER, and JENYA MEGGS,<br><br>        Defendants. | Case No. 1:23-cv-09115 |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on December 26, 2023, she caused a true and correct copy of Defendant Mass Appeal Media Inc.'s Answer to Plaintiff's Complaint to be served on Plaintiff through her counsel of record by filing a copy thereof by CM/ECF in accordance with the Southern District of New York's Electronic Case Filing Rules and Instructions.

                          */s* Melanie H. Ross
                          Melanie H. Ross