# JacksonLewis

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J.

If the parties are unable to resolve their dispute in the Southern District's Mediation Program, they are directed to file a case management plan within twenty-one days of the close of mediation.

Dated: January 8, 2024

**VIA ECF**
Hon. Vernon S. Broderick
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, New York 10007

           Re:      **Melissa Cooper v. Mass Appeal Media Inc., et al.**
                    **Civil Action No. 1:23-cv-09115-VSB**

Dear Judge Broderick:

      We represent Mass Appeal Media Inc., ("Mass Appeal"), Peter Bittenbender and Jenya Meggs ("Defendants") in the above-referenced matter. We submit this letter on behalf of all Parties in accordance with the Court's Order and Notice of Initial Conference dated December 27, 2023 (Dkt. No. 19).

**A.**     **The Parties' Joint Letter**

    **1.**     **A Brief Description of the Nature of the Action and the Principal Defenses Thereto:**

    **(a)**   **Plaintiff's Position:**

Melissa Cooper ("Plaintiff") was employed as Head of Development at Mass Appeal where she became the target of a racist conspiracy orchestrated by Jenya Meggs. More specifically, Meggs wanted to damage Cooper's reputation and trigger her termination from Mass Appeal because she was a white woman working in hip hop. Meggs and her cohorts made venomous and racist comments about Cooper and sought to actively influence others at Mass Appeal to damage her reputation and standing. Peter Bittenbender, in his capacity as Mass Appeal's chief executive officer, was informed of Meggs' blatant racial animosity towards Cooper along with Meggs' concerted efforts to harm Cooper on the basis of her race. Despite this, Bittenbender and Mass Appeal conducted no investigation into Cooper's claims of racial discrimination and instead terminated her on June 30, 2023 while continuing to employ Meggs. Cooper brings this action seeking declaratory and injunctive relief, reinstatement, and monetary damages to redress Defendants' unlawful discrimination against her on the basis of her race and/or skin color, in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. ("Section 1981"), the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL") and the New York City Human Rights Law, N.Y. City Administrative Code § 8-101 et seq. ("NYCHRL").

### (b) Defendants' Position:

Plaintiff began her engagement with Mass Appeal on or around April 1, 2021 as an independent contractor. Plaintiff was thereafter hired as a full-time employee. She worked in the content division and her role was to identify, develop and sell non-branded content. Due to outside factors in the market, revenue from the content division downturned substantially. In late 2022, Bittenbender notified the content division staff that there would be changes needed if no content was sold. Then, in or around March 2023, Bittenbender met with the content division and put them on notice emphatically that if the team did not sell a project in Q2, he would need to re-approach the division entirely. By May 2023, it was clear that the content department was not going to sell a project by the quarter end. On June 16, 2023, Bittenbender notified Plaintiff that her employment was being terminated because the market showed no signs of improvement and the team had not sold a single piece of content in a year. Plaintiff was not targeted and was not the only one impacted by market conditions.

Throughout her Complaint, Plaintiff heavily relies on alleged text messages to support her claim of race discrimination. These messages do not corroborate a theory of race discrimination and are the result of hacked and stolen data that is the subject of a California state criminal investigation. These messages are taken out of context and are nothing but a red herring. The purported messages are primarily personal, not business communications, on Defendant Meggs' cell phone between Meggs and her friends in the industry. The revelation of these alleged messages had no bearing on any personnel decisions made by Bittenbender. The Company received these purported messages after the decision to terminate Plaintiff was made. Significantly, Meggs played no role in the decision to terminate Plaintiff's employment.

As such, Defendants vigorously deny all claims of discrimination.

### 2. Basis for Jurisdiction and Venue

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. §1367(a). Mass Appeal Media Inc. is incorporated in the State of Delaware and maintains a principal place of business in New York located at 428 Broadway Ste 2 New York, New York 10013.

### 3. Outstanding and Contemplated Motions

Defendants anticipate moving for summary judgment at the close of discovery.

### 4. Discovery To Date

The Parties have not exchanged any discovery to date. This case has been referred to the Southern District's mediation program for counselled employment discrimination cases. The Parties therefore intend to exchange their pilot production pursuant to the Pilot Discovery Protocols.



5. **Prior Settlement Discussions**

The Parties generally spoke about Plaintiff's belief of what a reasonable settlement range would be in this matter. Defendants indicated they did not agree with Plaintiff's assessment.

6. **The Estimated Length of Trial**

Should this case proceed to trial, we anticipate the length of trial to be five (5) days.

7. **Additional Information**

The Parties do not have any other additional information at this time but will update the Court accordingly as the case progresses.

B. **Proposed Case Management Plan and Scheduling Order**

In light of the automatic referral to the Southern District's mediation program for counselled employment discrimination cases, the Parties respectfully request that the deadline to submit a Proposed Case Management Plan and Scheduling Order be adjourned to twenty-one (21) after the conclusion of mediation.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

JACKSON LEWIS P.C.


*s/*Dana G. Weisbrod
Dana G. Weisbrod
(212) 545-4053 Direct
Dana.Weisbrod@jacksonlewis.com
Jackson Lewis P.C.


cc:   Counsel of Record via ECF