UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA COOPER,<br><br>       Plaintiff,<br><br>-against-<br><br>MASS APPEAL MEDIA INC., PETER BITTENBENDER and JENYA MEGGS<br><br>       Defendants. | Case No.: 23-cv-09115<br><br>**<u>STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION</u>** |

   This matter having come before the Court by stipulation of Plaintiff Melissa Cooper and Defendants Mass Appeal Media Inc. ("Mass Appeal"), Peter Bittenbender ("Defendant Bittenbender"), and Jenya Meggs ("Defendant Meggs") for the entry of a protective order limiting the copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

   IT IS HEREBY ORDERED THAT:

   1.  This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that merit confidential treatment.

   2.  As used herein:

     (a)  "Action" shall mean *Melissa Cooper v. Mass Appeal Media Inc., et al* Case No: 23-cv-09115 (VSB) filed in the United States District Court, Southern District of New York.

(b) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain personal confidential information which would invade the privacy rights of current and/or former employees, trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

(c) "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

(d) "Highly Confidential Information–Attorneys' Eyes Only" shall mean extremely sensitive Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Medical records, whether produced by a party to this action or a third-party, shall be deemed Highly Confidential Information–Attorneys' Eyes Only regardless of whether they are so labeled. The parties will meet and confer before marking any Disclosure or Discovery Material other than medical records as "Highly Confidential Information—Attorneys' Eyes Only."

(e) "Producing Party" shall mean the parties to this Action and any third-parties producing "Confidential Information" or "Highly Confidential Information—Attorneys' Eyes Only" in connection with depositions, document productions, or otherwise, or the party asserting the confidentiality designation, as the case may be.

(f) "Receiving Party" shall mean the party to this Action and/or any non-party receiving "Confidential Information" or "Highly Confidential Information–Attorneys' Eyes Only" in connection with depositions, document productions, or otherwise.

3. <u>Designation of Confidential Information</u>: Either party may designate Disclosure or Discovery Material that the party reasonably believes should be subject to the terms of this Stipulation as Confidential Information. The parties agree to meet and confer before designating any Disclosure or Discovery Material other than medical records as Highly Confidential Information–Attorneys' Eyes Only.  Designation in conformity with this Stipulation may be made as follows:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), by affixing, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY," to the first page of each document that contains protected material or by any other reasonable means of giving notice of the party's intent to claim protected status of the document in question.

(b) For deposition testimony or exhibits offered in a deposition, notifying opposing counsel on the record during, or at the conclusion of, the deposition that the information provided is considered Confidential or Highly Confidential Information—Attorneys Eyes Only and that the transcript (or portions thereof) shall be subject to the provisions of this Stipulation; in addition, designation may be made by notifying all counsel in writing of those portions to be treated as such at any time up to thirty (30) days after the final transcript is received by counsel for the party making the designation.  Prior to the expiration of such thirty (30) day period, or until a designation is made by counsel, if such a designation is made in a shorter period

3

of time, all deposition testimony shall be treated as Confidential Information unless counsel indicates that it shall be treated as Highly Confidential Information—Attorneys Eyes Only during this period.

    (c) For information produced in other forms, by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or by any other reasonable means of providing notice of the designations.

    4. <u>Procedure for Raising Disagreement with Designation as Confidential Information</u>: The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only.  If the Producing Party does not agree to declassify such document or material, the Producing Party may move before the Court for an order classifying those documents or materials.  If no such motion is filed, such documents or materials shall not continue to be treated in accordance with their designation as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only. If such motion is filed, the documents or other materials shall be treated in accordance with their designation as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only unless and until the Court rules otherwise.

    5. <u>Limited Use of Confidential Information</u>: Any information designated as Confidential Information shall be used by the Receiving Party and its counsel only for purposes of this Action and for no other purposes.  Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

    (a) Plaintiff, so long as disclosure is reasonably necessary for purposes of this Action and Plaintiff agrees to comply with and be bound by the terms of this Stipulation;

    (b) officers, directors, agents, and employees (including in-house counsel) of Defendants whom Defendants believe in good faith to have a need to review such documents or information, so long as disclosure is reasonably necessary for purposes of this Action and the Defendants' agents or representatives agree to comply with and be bound by the terms of this Stipulation;

    (c) counsel of record for the parties in this Action and the legal, clerical, paralegal, or other staff of such counsel;

    (d) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 8 hereof;

    (e) the author, recipient, or custodian of a document or any other person who otherwise possessed or knew the information contained in the document;

    (f) the Court and Court personnel, if filed in accordance with paragraph 12 hereof;

    (g) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

    (h) trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

    (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

    (j) any other person agreed to in writing by the parties.

  6. <u>Limited Use of Highly Confidential Information—Attorneys' Eyes Only</u>: Any information designated as Highly Confidential Information – Attorneys' Eyes Only shall only be used by the Receiving Party for purposes of this Action and for no other purposes. Except with the prior written consent of the Producing Party or by order of the Court, Highly Confidential Information—Attorneys' Eyes Only shall not be furnished, shown, or disclosed to any person or entity except to:

    (a) counsel of record for the parties in this Action, including in-house counsel and the legal, clerical, paralegal, or other staff of such counsel;

    (b) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at trial or other proceeding herein, provided, however, that such Highly Confidential Information – Attorneys' Eyes Only is furnished, shown, or disclosed in accordance with paragraph 8 hereof;

    (c) the Court and Court personnel, if filed in accordance with paragraph 12 hereof;

    (d) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 10 hereof;

    (e) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof;

    (f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

    (g) any other person agreed to in writing by the parties.

  7. <u>Confidential Information and Highly Confidential Information—Attorneys' Eyes Only May Not Be Used In Any Other Proceeding</u>: The parties and their counsel shall not use any Confidential Information or Highly Confidential Information–Attorneys' Eyes Only in any other proceedings, arbitrations, litigations, or other actions.  The Receiving Party shall not furnish, show, or disclose any Confidential Information or Highly Confidential Information–Attorneys' Eyes Only to any charging parties, claimants, plaintiffs, witnesses, experts, or other persons or parties in any other agency proceedings, arbitrations, litigations, or other actions.

  8. <u>Disclosure to Expert Witnesses of Confidential Information and Highly Confidential Information—Attorneys' Eyes Only</u>: Before any disclosure of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only is made to an expert witness or consultant pursuant to paragraphs 5 or 6 of this Stipulation, counsel for the Receiving Party shall obtain the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining said agreement shall supply a copy to counsel for the other party at the time of the disclosure, except that any agreement signed by an expert or consultant who is not expected to be called as a witness at any hearing or trial is not required to be supplied.

  9. <u>Disclosure at Trial of Confidential Information and Highly Confidential Information—Attorneys' Eyes Only</u>: Should the need arise for any of the parties to disclose Confidential Information or Highly Confidential Information–Attorneys' Eyes Only during any hearing or trial before the Court, including through argument or the presentation of evidence, such

7

party shall do so pursuant to any Court established directions or procedures, or in the absence of such established directions or procedures, take steps necessary to obtain directions or procedures from the Court to preserve the confidentiality of such Confidential Information or Highly Confidential Information–Attorneys' Eyes Only before using or disclosing it.

10. <u>Use at Deposition of Confidential Information and Highly Confidential Information—Attorneys' Eyes Only</u>: This Stipulation shall not preclude counsel for the parties from using during any deposition in this Action any documents or information which have been designated as Confidential Information under the terms hereof.  Highly Confidential Information–Attorneys' Eyes Only may be used at deposition of a witness of the Producing Party, at a deposition of an expert witness, by agreement of the parties, or by an order from the Court in the case of a witness of the Receiving Party or any non-party witness.  Any deposition witness, and any court reporter, who is given access to Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall, prior thereto, be provided with a copy of this Stipulation and shall execute the agreement attached hereto as Exhibit A.  Counsel for the party obtaining the agreement shall supply a copy to counsel for the other party.

11. <u>Designation of Information Produced by Non-Party</u>: A party may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this Action, or any portion thereof.  Upon agreement of the parties, subject to this Stipulation, or an order of the Court, any document, information, or deposition testimony produced or given by any non-party to this Action, or any portion thereof, may be designated as Highly Confidential Information-Attorneys' Eyes Only. In the case of documents, designation shall be made by notifying all counsel in writing of those documents to be stamped and treated as such at any time up to thirty (30) days after actual receipt

of copies of those documents by counsel for the party asserting confidentiality. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions to be stamped or otherwise treated as such at any time up to thirty (30) days after the final transcript is received by counsel for the party asserting confidentiality. Prior to the expiration of such thirty (30) day period, or until a designation is made by counsel, if such a designation is made in a shorter period of time, all deposition testimony shall be treated as Confidential Information unless counsel agree, or the Court orders, that it shall be treated as Highly Confidential Information—Attorneys Eyes Only during this period.

12. <u>Procedures for Filing Information Designated as Confidential Information or Highly Confidential Information–Attorneys' Eyes Only with the Court</u>: Any party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, and any pleading, brief or memorandum which reproduces, paraphrases, or discloses Confidential Information or Highly Confidential Information–Attorneys' Eyes Only, shall do so pursuant to any Court established directions or procedures, or in the absence of such established directions or procedures, take steps necessary to obtain directions or procedures from the Court to ensure that the Confidential Information or Highly Confidential Information–Attorneys' Eyes Only is filed under seal and is maintained by the Court under seal until further order of the Court.

13. <u>Inadvertent Failure to Designate Information</u>: An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to making a confidentiality designation under this Stipulation for such material. Any document or information that may contain Confidential Information that has been inadvertently

produced without identification as to its confidential nature may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential Information" within a reasonable time following the discovery that the document or information has been produced without such designation. Any document or information that may contain medical records that has been inadvertently produced without identification as to its highly confidential nature may be so designated by the party asserting confidentiality by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Highly Confidential Information—Attorneys' Eyes Only" within a reasonable time following the discovery that the document or information has been produced without such designation. Any document or information other than medical records that may contain Highly Confidential Information—Attorneys' Eyes Only that has been inadvertently produced without identification as to its highly confidential nature may be so designated by agreement of the parties or order of the Court. In such circumstances, the party asserting confidentiality shall provide written notice to the undersigned counsel for the Receiving Party identifying the document or information the party asserts should be designated "Highly Confidential Information—Attorneys' Eyes Only" within a reasonable time following the discovery that the document or information has been produced without such designation. Until the parties meet and confer, the Receiving Party shall treat the identified document or information as "Highly Confidential Information—Attorneys' Eyes Only."

        14. <u>Extracts and Summaries of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only</u>: Extracts and summaries of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall also be treated as confidential or highly confidential in accordance with the provisions of this Stipulation.

15. <u>No Waiver of Right to Object to Production or Disclosure of Information</u>: The production or disclosure of Confidential Information or Highly Confidential Information–Attorneys' Eyes Only shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action.  This Stipulation does not require the parties to produce documents, communications, information, or things in the Action.  Rather, the parties enter into this stipulation without waiving and expressly preserving their respective rights under the Federal Rules of Civil Procedure to object to the production of any specific document, communication, information, or thing in the Action, including but not limited to Confidential Information or Highly Confidential Information—Attorneys' Eyes Only.

16. <u>No Prejudice to Seek Modification of Stipulation</u>: This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

17. <u>Stipulation Is Binding After Conclusion of Action</u>: This Stipulation shall continue to be binding after the conclusion of this litigation except:  (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were permitted by the Court to be filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court by motion with respect to dissolution or modification of any provision of this Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action.

18. <u>No Waiver of Privilege</u>: Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence

of any facts or documents revealed in the course of disclosure or a concession as to the nature of the confidentiality of the documents.

19. <u>No Waiver of Privilege or Protection / Inadvertent Production of Privileged and Protected Information</u>: Nothing herein shall require disclosure of information which is protected from discovery by the attorney-client privilege, work product immunity, as an attorney-client communication, or other privilege or immunity.  In accordance with Federal Rule of Evidence 502, the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other proceeding.  This shall be interpreted to provide the maximum protection allowed by FED. R. EVID. 502.  If a Producing Party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the inadvertent production.  Once a Receiving Party receives notice in writing of the inadvertent production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return all copies of such inadvertently produced material within three (3) business days of receiving such notice.  Any notes or summaries referring or relating to any such inadvertently produced material subject to a claim of privilege or immunity shall be destroyed forthwith.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.  The Producing Party bears the burden of establishing the privileged or otherwise protected nature of any inadvertently produced information or materials.  Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or materials for any purpose

until the discoverability of the materials is agreed by the parties or resolved by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials solely to respond to a motion by the Producing Party seeking return or destruction of such information or materials. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know are privileged, counsel for the Receiving Party shall immediately take reasonable steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party, and (v) otherwise comport themselves with the applicable rules of professional conduct.

20. <u>Destruction or Return of Confidential Information and Highly Confidential Information–Attorneys' Eyes Only</u>: Upon written notice by the Producing Party following the final termination of this Action by settlement or exhaustion of all appeals, all Confidential Information and Highly Confidential Information–Attorneys' Eyes Only produced or designated and all reproductions thereof shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that the Producing Party requests the destruction of physical objects and documents, the Receiving Party shall certify in writing within sixty (60) days of such written notice following the final termination of this Action that it has destroyed such physical objects and documents, including but not limited to deleting all electronic copies of such documents that have not been archived, backed-up, or are otherwise difficult to access, and that such physical objects and documents have been destroyed to the best of its knowledge, including but not limited to by deleting all electronic copies of such documents that have not been archived, backed-up, or are otherwise difficult to access. Notwithstanding anything to the contrary, external

counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and hearing exhibits. Nothing in this Stipulation shall prohibit a party from using its own records and business documents in the normal course of business. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

21. This Stipulation may be changed by further order of this Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**Submitted by and agreed to for and on behalf of all parties:**

By: _____  By: _/s/ Dana G. Weisbrod_____
Louis Pechman, Esq.                Dana G. Weisbrod, Esq.
Gianfranco Cuadra Esq.             Melanie H. Ross, Esq.
PECHMAN LAW GROUP PLLC             JACKSON LEWIS P.C.
488 Madison Avenue Suite 1704      666 Third Avenue, 29th Floor
New York, NY 10022                 New York, NY 10017

ATTORNEYS FOR PLAINTIFF            ATTORNEYS FOR DEFENDANTS

Dated: June 12, 2024               Dated: June 12, 2024

SO ORDERED:

_____              June 17, 2024
                                              Date

HONORABLE VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

14

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MELISSA COOPER,

                     Plaintiff,

    -against-

MASS APPEAL MEDIA INC., PETER BITTENBENDER and JENYA MEGGS

                     Defendants.

Case No.: 23-cv-09115

**AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation and Order for the Production and Exchange of Confidential Information (the "Order") entered in the above-entitled action on _____ (date).

5. I have carefully read and understand the provisions of the Order.

6. I will comply with all of the provisions of the Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information or Highly Confidential Information –Attorneys' Eyes Only that is disclosed to me.

8. I will return all Confidential Information or Highly Confidential Information–Attorneys' Eyes Only that comes into my possession, and documents or things that I

have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information or Highly Confidential Information–Attorneys' Eyes Only.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order in this action.

Dated: _____    _____